SUMMARY ORDER

Shun Guang Ke, a native and citizen of the People’s Republic of China, seeks review of a May 80, 2008 order of the BIA, affirming the March 28, 2007 decision of Immigration Judge (“IJ”) Stephen R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture *429 (“CAT”). In re Shun Guang Ke, No. A94 789 125 (B.I.A. May 30, 2008), aff'g No. A94 789 125 (Immig. Ct. N.Y. City Mar. 28, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See Xiu Xia Lin v. Mulcasey, 534 F.3d 162, 165-66 (2d Cir.2008). We “defer to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Id. at 167.
Substantial evidence supports the agency’s adverse credibility determination. The IJ reasonably relied on the inconsistency between Ke’s statement to a border patrol agent that he came to the United States to find work and his claim before the Immigration Court that he came to the United States to avoid persecution as a Falun Gong practitioner. Id. Moreover, as the government correctly asserts, there can be no issue as to the reliability of the record of Ke’s statement to the border patrol agent because Ke admitted stating that he came to the United States to find work. And the IJ reasonably declined to credit Ke’s explanation that his smuggler told him he would not be sent back to China if he told U.S. officials that he was coming to the United States to work, noting that such a statement would only result in his removal.
In finding Ke not credible, the IJ also reasonably relied on Ke’s failure adequately to corroborate his claim that he is a Falun Gong practitioner. Nor did the IJ err in questioning the authenticity of letters purportedly from Ke’s father and friend inasmuch as the letters, which were dated more than two months apart and written in different towns, were written on the same notepad and Ke admitted that his father was illiterate and therefore could not have written the letter.
Because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ’s adverse credibility determination was supported by substantial evidence. See Xiu Xia Lin, 534 F.3d at 165— 66. The agency’s denial of Ke’s application for asylum, withholding of removal, and CAT relief based on his alleged practice of Falun Gong was therefore proper. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner’s pending motion for a stay of removal as moot.